# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SERAFIN MONTALVO DAVILA,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C10-3018-MWB<br>(No. CR01-3006-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*

This case is before the court pursuant to petitioner Serafin Montalvo Davila's *Pro Se* Motion To Challenge The Constitutionality of Public Law 80-772 And The Invalidity Of 18 U.S.C. § 3231 (docket no. 1). The court deems Davila's motion to be a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. In his motion, petitioner Davila contends that Public Laws 80-772 and 80-773, as well as 18 U.S.C. § 3231, are unconstitutional, were never enacted into positive law, and are null and void ab initio. Petitioner Davila argues that Public Law 80-772 was passed by the House of Representatives in the first session of the 80th Congress, without the Senate passing the same bill but the House then adjourned twice *sine die*, thus killing the bill. Notwithstanding this, petitioner Davila contends that the bill showed up in the Senate near the end of the second session of the 80th Congress, the Senate amended the bill and then

passed it, and the House voted on the amendments but not the amended bill.[1] As a result, petitioner Davila argues that Public Law 80-772 was never passed into law because Congress adjourned *sine die* on June 20, 1948, preventing any return of the bill to Congress, and it was signed into law after Congress adjourned.

### B. *The Petitioner's Charges, Plea, and Sentence*

On February 6, 2001, an indictment was returned against petitioner Davila, charging him with possession with intent to distribute more than 500 grams of methamphetamine, and aiding and abetting the possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. Petitioner Davila was released on an unsecured bond with pretrial supervision, but absconded on August 14, 2001. On August 16, 2001, the court issued a warrant for petitioner Davila's arrest and revoked Davila's pretrial release. On September 19, 2003, petitioner Davila was arrested in Arizona and returned to Iowa on October 14, 2003. On January 29, 2004, petitioner Davila pled guilty to Count 1 of the indictment. The United States Probation Office prepared a PSR which calculated petitioner Davila's sentencing range under the United States Sentencing Guidelines to be 292 to 365 months imprisonment. The sentencing range was based on a criminal history category of I and a total offense level of 40, which included a two-level enhancement for obstruction of justice arising out of petitioner Davila's absconding from pretrial release.

After petitioner Davila pleaded guilty but before he was sentenced, the Supreme Court handed down its decision in *Blakely v. Washington,* 542 U.S. 296, 301-306 (2004).

---

[1] *Sine die* is defined as "[w]ith no day being assigned (as for resumption of a meeting or hearing)." BLACK'S LAW DICTIONARY at 1418 (8th ed. 2004).

Based on *Blakely,* petitioner Davila objected to the PSR's recommended obstruction of justice enhancement, arguing the Guidelines were unconstitutional and the enhancement "cannot constitutionally be determined solely by the Judge." Petitioner Davila, however, did not object to paragraph six of the PSR, which explained the events surrounding Davila's absconding from pretrial release:

> On August 14, 2001, the defendant absconded and a Non-Compliance Memorandum was filed. It was determined the defendant and his family moved [to Arizona] approximately one week prior to the non-compliance memorandum being filed. On August 16, 2001, a petition for revocation of pretrial release was filed by the U.S. Attorney's Office and a warrant was issued by [a federal magistrate judge] on the same day.

PSR at ¶ 6.

On October 1, 2004, the court held the Sentencing Guidelines unconstitutional based on *Blakely* and sentenced petitioner Davila to 156 months imprisonment. In arriving at this sentence, the court took judicial notice of paragraph 6 of the PSR and the underlying court documents detailing Davila's absconding. Tr. at 8. The court observed that:

> Had it not been for paragraph 6, I would have sentenced at the mandatory minimum in this case of 120 months. I've gone ahead and added 36 months on to that sentence based on paragraph 6 and the underlying court documents that I believe Mr. Fletcher is absolutely correct, I have a right to take judicial notice of.

Tr. at 8.

On November 4, 2004, the prosecution appealed petitioner Davila's sentence. Petitioner Davila then filed a cross-appeal. On appeal, the prosecution contended that the court erred in holding the Sentencing Guidelines unconstitutional. Petitioner Davila argued that the court violated *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) by making

factual findings to enhance his sentence from 120 to 156 months imprisonment. While the case was on appeal, the United States Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005). In light of the *Booker* decision, the Eighth Circuit Court of Appeals vacated defendant Davila's sentence and remanded the case for resentencing pursuant to the standards announced in *Booker*. *See United States v. Davila*, 418 F.3d 906, 909-10 (8th Cir. 2005). Nonetheless, the court of appeals addressed and rejected petitioner Davila's contention that the court violated the Sixth Amendment by enhancing his sentence based on the obstruction of justice enhancement for absconding during pretrial release:

> Because we are reversing the district court and remanding for resentencing, Davila's cross-appeal could be considered moot. However, Davila failed to object to the factual allegations contained in the PSR, which is deemed an admission for sentencing purposes. *United States v. McCully,* 407 F.3d 931, 933 (8th Cir. 2005) (holding "a fact in the PSR not specifically objected to is admitted for purposes of *Booker*"); Fed.R.Crim.P. 32(i)(3)(A) (stating a sentencing court "may accept any undisputed portion of the [PSR] as a finding of fact"). Thus, the district court did not violate the Sixth Amendment by enhancing Davila's sentence because Davila is deemed to have admitted the facts contained in the PSR that support an obstruction of justice enhancement for absconding from the jurisdiction during pretrial release. *See, e.g., United States v. Devono,* 413 F.3d 804, 805 (8th Cir. 2005) (per curiam) (holding no Sixth Amendment violation occurred because the defendant admitted the facts supporting a sentencing enhancement by failing to object to the PSR); *McCully,* 407 F.3d at 933 (holding defendant's "Sixth Amendment rights were not violated because she admitted the facts supporting the enhancements by failing to object to the PSR").

*Davila*, 418 F.3d at 910.

At his resentencing, the court determined petitioner Davila's base offense level to be a 36 and increased it two points, on the obstruction of justice enhancement for absconding, for an adjusted offense level of 38. Finding that petitioner Davila's criminal history placed him in category I, petitioner Davila's guideline range was 235 months to 293 months. The court granted petitioner Davila a downward variance based on his role and sentenced petitioner Davila to 200 months imprisonment. Neither party appealed petitioner Davila's sentence on remand.

### C. *Petitioner's § 2255 History*

Petitioner Davila then brought a *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1 in C06-3060-MWB (N.D. Iowa)), in which he raised three grounds for relief. First, petitioner Davila claimed that his counsel was ineffective because counsel failed to object to a 36 month enhancement for absconding and to paragraph 6 of the Presentence Investigation Report ("PSR"), which set out the events leading to Davila's fugitive status and which the court used as a basis to enhance his sentence. Second, petitioner Davila argued that his appellate counsel was ineffective in failing to contend that the prosecution did not have standing to file its appeal and that it filed its appeal after his sentence was final. Third, petitioner Davila alleged that his appellate counsel was ineffective in not arguing that the prosecution subjected him to double jeopardy by filing an appeal of his sentence, causing him to be resentenced.

On September 25, 2009, the court denied petitioner Davila's original § 2255 motion, and did not issue a certificate of appealability because the petition did not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). The court found that Davila's counsel's determination not to object to paragraph 6 was a reasonable one given that the records and filings in this case established Davila's

flight. The court also concluded that the prosecution had standing to appeal Davila's sentence and that its appeal was timely under Federal Rule of Appellate Procedure 4(b)(1)(B). Finally, court found that under clearly established federal precedent, the Double Jeopardy Clause does not prohibit the imposition of a greater sentence after a successful appeal by the prosecution.

Petitioner Davila then filed a petition with the Eighth Circuit Court of Appeals for authorization to file a successive habeas application in this court. On December 2, 2009, the Eighth Circuit Court of Appeals denied Davila's application. On April 23, 2010, petitioner Davila filed his current motion to be a motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence.

## II. LEGAL ANALYSIS

Having construed petitioner Davila's motion as being brought under § 2255, this court lacks jurisdiction to consider it because § 2255 requires petitioners to seek approval from the court of appeals to file a second or successive petition. *See* 28 U.S.C. §§ 2244, 2255. This court must dismiss for lack of subject matter jurisdiction any successive petition that is filed without the Eighth Circuit Court of Appeals's permission. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision).

Here, in his second § 2255 motion, petitioner Davila proceeded directly to this district court, bypassing the certification requirement. Because Davila failed to comply with the certification requirement, this court lacks the power and authority to entertain his current motion. *Id.* The court, therefore, dismisses Davila's motion for lack of jurisdiction. *Id.*

### *III. CONCLUSION*

The court concludes that it lacks jurisdiction to consider petitioner Davila's § 2255 motion because defendant Davila has not sought and been granted approval from the court of appeals to file a second or successive petition. Therefore, defendant Davila's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **denied**, and this case is dismissed in its entirety.

**IT IS SO ORDERED.**

**DATED** this 26th day of April, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA